United States District Court
Southern District of Texas
**ENTERED**
October 19, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLOYD DEWAYNE LOTT, | § | |
| TDCJ #1633625, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2972 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Floyd Dewayne Lott (TDCJ #1633625), is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Lott has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge an adverse parole decision [Doc. # 1]. He has also submitted a memorandum of law in support of his petition [Doc. # 2]. After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.    BACKGROUND

Lott is presently in custody at the Estelle Unit in Huntsville as the result of several offenses: (1) credit card abuse, Washington County cause number 11,950; (2)

aggravated sexual assault, Coryell County cause number 14,797; (3) possession of a controlled substance, Bell County cause number 55,001;  (4) failure to register as a sex offender, Coryell County cause number 17591;  (5) forgery, Washington County cause number 14,364;  (6) credit card abuse, Washington County cause number 14,364;  (7) debit card abuse, Washington County cause number 14,364; and (8) forgery of a financial instrument, Washington County cause number 15,597.[1]

Lott does not challenge any of his underlying convictions here.  Instead, as explained briefly below, Lott challenges a decision by prison officials that has resulted in the denial of early release on parole.

According to exhibits provided by Lott, the Texas Board of Pardons and Paroles ("Parole Board") denied him early release on parole on March 24, 2016,  for the following reasons:

    1D    The record indicates that the offender has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release.

    7D    The record indicates that length of time served by the offender is not congruent with offense severity and criminal history.[2]

---

[1]    TDCJ, Offender Information Details, at: http://offender.tdcj.texas.gov/Offender Search (last visited Oct. 5, 2016).

[2]    Notice of Parole Panel Decision [Doc. # 2], at 16.

In that same decision, the Parole Board set Lott's next parole review for the following year in March 2017.[3]

In his pending federal habeas corpus petition, Lott contends that he has been subjected to "[i]ndefinite detention in prison based solely on [his] commitment offense without regard to rehabilitation" in violation of due process.[4]  In particular, Lott claims that the Parole Board disregarded his clean disciplinary record, his "unblemished work performance," and the fact that he has completed "numerous faith based programs" when making its decision to deny parole. [5]  Lott also appears to claim that he was denied sufficient notice by the Parole Board and that a unit parole officer destroyed unspecified documents.[6]

Lott concedes that he has not raised his claims in state court by challenging the adverse parole decision in a state habeas corpus application.[7]  As a result, the petition is subject to dismissal because Lott has failed to exhaust available state court remedies as required before seeking federal review.   *See* 28 U.S.C. § 2254(b).   More

---

[3]      *Id.*

[4]      Petition [Doc. # 1], at 7.

[5]      *Id.* at 6.

[6]      *Id.* at 6-7.

[7]      *Id.* at 3-4.

importantly, Lott is not entitled to federal habeas corpus relief because his claims are without merit.

## II.   THE PETITION IS WITHOUT MERIT

Lott complains that he was denied early release from prison without due process.  There are two ways in which a Texas inmate becomes eligible for early release from imprisonment.  The first is by "parole" and the second is by "mandatory supervision" release.  "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division."  TEX. GOV'T CODE § 508.001(6). "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division."  TEX. GOV'T CODE § 508.001(5).  Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced."  *Id.* at § 508.147(a);  *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

Lott is not eligible for mandatory supervision because he has a prior felony conviction for aggravated sexual assault.  *See* TEX. GOV'T CODE § 508.149(a)(6)

(excluding felons convicted of sexual assault from eligibility for mandatory supervision). Therefore, this case concerns only Lott's claim that he was denied parole without due process.

Prison inmates are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). The United States Supreme Court has recognized that the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (explaining that "statutes or regulations that provide that a prole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process"). Thus, the Due Process Clause does not include a right to parole.

Likewise, the Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. *See Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) (Texas parole statute does not create a protectable expectancy of release, as

recognized in *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979), but rather creates nothing more than a hope of parole); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991). As a result, it is well settled that Texas inmates "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

Absent a protected liberty interest in attaining parole, Lott cannot show that he was denied parole in violation of the Due Process Clause or that he is entitled to federal habeas corpus relief. The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because Lott's habeas petition lacks an arguable basis in law, it must be dismissed for that reason. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

## III.    CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the

petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief.  Therefore, a certificate of appealability will not issue.

IV.   **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1.    The pending motion for leave to proceed *in forma pauperis* [Doc. # 3] is **GRANTED**.

2.    The federal habeas corpus petition filed by Floyd Dewayne Lott is **DENIED** and this case is **DISMISSED** with prejudice.

3.    A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>October 19, 2016</u>.

<u>NANCY F. ATLAS</u>
SENIOR UNITED STATES DISTRICT JUDGE